SEAN P. REIS (SBN 184044)
sreis@edelson.com
EDELSON MCGUIRE LLP
30021 Tomas Street, Suite 300
Rancho Santa Margarita, California 92688
Telephone: (949) 459-2124
Facsimile: (949) 459-2123

RAFEY S. BALABANIAN*
rbalabanian@edelson.com
BENJAMIN H. RICHMAN*
brichman@edelson.com
CHRISTOPHER L. DORE*
cdore@edelson.com
ALICIA HWANG*
ahwang@edelson.com
EDELSON MCGUIRE LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Telephone: (312) 589-6370
Facsimile: (312) 589-6378
*pro hac vice application to be filed

*Attorney for Plaintiff and the putative class*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO VALENCIA, individually and on behalf of all others similarly situated, | Case No. **'12 CV 2985 BEN RBB** |
| *Plaintiff,* | **CLASS ACTION COMPLAINT** |
| *v.* | |
| SEMPRIS, LLC, a Delaware limited liability company and ONTEL PRODUCTS CORPORATION, a New Jersey corporation, | |
| *Defendants.* | |

**CLASS ACTION COMPLAINT**

Plaintiff Ricardo Valencia brings this Class Action Complaint against Defendants Sempris, LLC ("Sempris") and Ontel Products Corporation ("Ontel") (hereinafter collectively "Defendants") on his own behalf, and on behalf of a Class and Subclass of similarly situated individuals who were charged without authorization for Sempris Membership Programs. Plaintiff alleges as follows upon personal knowledge to himself and his own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

**NATURE OF THE CASE**

1.      Defendants work together to charge consumers recurring monthly fees for "Membership Programs" that purport to offer discounts, coupons, and other money saving deals. Using the sale of a legitimate product as bait, Defendants acquire consumers' billing information and then use this information to enroll and charge consumers for memberships.

2.      The deception is perpetuated in the following way: First, after viewing a television infomercial for one of Defendant Ontel's products, an interested consumer calls the number on the screen to order the advertised product (the "Bait"). The consumer is then connected to a live operator to complete their order. While on the phone, the operator notifies the consumer that they qualify for a "risk-free" trial of a Sempris Membership Program and deceptively describes the terms of the trial offer. The timing and description of the offer is purposefully misleading, as consumers reasonably believe that the product and services being offered are from the same company and are part of the same transaction.

3.      Regardless of whether the consumer agrees to the offer (and even when a consumer explicitly declines), the consumer is subsequently enrolled in and charged for one or more of Sempris' Membership Programs.

4.      Working in unity with one another, Defendants have systematically defrauded consumers by deceptively enrolling and charging them for Sempris Membership Programs

without consent. Each Defendant is jointly and severally liable, and together, Defendants share in the profits generated by their fraudulent scheme.

5.     Plaintiff Valencia was only one of many injured by Defendants' conduct. Through his Complaint, Plaintiff seeks to put an end to Defendants' unlawful business practices and to recover the monies that have been wrongfully obtained.

**PARTIES**

6.     Plaintiff Ricardo Valencia is a natural person domiciled in the State of California.

7.     Defendant Sempris, LLC, is a marketing services company that operates numerous "Membership Loyalty Programs," including the Value Plus Membership Program. Sempris is a corporation incorporated and existing under the laws of the State of Delaware, with its principal place of business located at 11100 Wayzata Boulevard, Suite 680, Minneapolis, Minnesota. It does business throughout the United States, the State of California, and this District. Until early 2011, Defendant Sempris operated under the corporate name Provell, Inc.

8.     Defendant Ontel Products Corporation manufactures, markets, and sells a wide range of consumer products directly to consumers via television infomercials, websites, and other e-commerce means. Ontel also sells its products to retailers wholesale, such as department stores and mass merchandisers. Ontel is a corporation incorporated and existing under the laws of the State of New Jersey with its principal place of business at 21 Law Drive, Fairfield, New Jersey. It does business throughout the United States, the State of California, and this District.

**JURISDICTION AND VENUE**

9.     This Court has subject matter jurisdiction over this case under 28 U.S.C. § 1332(d)(2) because (a) at least one member of the putative class is a citizen of a state different from Defendants, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) none of the exceptions under that subsection apply to this action.

10.     Venue is proper in this District under 28 U.S.C. § 1391(a) as Plaintiff is a resident of this District and the injury arose here. Venue is additionally proper because Defendants

1   transact significant business in this District, including soliciting consumer business and entering

2   into consumer transactions.

3   **FACTS COMMON TO ALL COUNTS**

4         11.    Defendant Sempris is a marketing company that offers numerous subscription-

5   based, negative-option "Membership Programs" which purport to offer discounts and services,

6   such as coupons and rebates, to "subscribing" consumers.

7         12.    However, despite costing as much as $24.95 a month, these programs offer little

8   real value and are rarely ever utilized by membership subscribers (as they are often unaware that

9   they have even been enrolled). Furthermore, the majority of the coupons, gift cards, and rebates

10   promised to subscribers are never delivered or received.

11         13.    Despite this fact (or perhaps due to it), Sempris continues to have thousands of

12   subscribers who are enrolled in Sempris Membership Programs and charged for membership

13   fees.

14         14.    Sempris Membership Programs include, but are not limited to: Value Plus,

15   Budget Savers, Cooking in Style, Essentials for Home, Explore USA, FunSource, Homeplay,

16   Pulse, and Vacation Passport. Sempris has also partnered with various merchants to create

17   "Custom" Programs, such as: Glamour in You and Duets (for Frederick's of Hollywood), Chase

18   Ultimate Rewards Plus (for Chase Manhattan Bank), and JC Whitney Buyers Plus (for JC

19   Whitney).

20         15.    Consumers have complained about each and every one of Sempris' Membership

21   Programs.

22   **Defendants Jointly Conspire to Defraud Consumers**

23         16.    Enrollment in a Sempris Membership Program occurs in the following way: A

24   consumer views a television infomercial promoting one of Defendant Ontel's products, *i.e.* the

25   Slushy Magic or Swivel Sweeper. Interested, the consumer picks up the phone and dials the

26   listed number to purchase the advertised item.

27

28

17.     Once the consumer is connected over the phone, a live operator processes the consumer's order for the advertised product while simultaneously trying to sell Sempris Membership Programs. The operator is trained to make an aggressive sales pitch of a "risk-free" or "free" trial of the membership program and offers the caller a variety of gift cards and/or rebates as incentives. The operator further claims that the consumer can cancel the membership at any time, and with no consequence, before the "free trial" period (usually lasting 14 or 30 days) is over.

18.     In reality, the timing and wording of the offer are purposefully designed to obscure material terms, confuse callers with "free" trials and other gifts, and induce consumers to consent to enrollment in Sempris' Membership Programs, all while obscuring and/or concealing the fact that Sempris' programs are negative option services that will automatically and perpetually be billed to a consumer's account.

19.     As live operators are paid a commission for each member they enroll (and oftentimes subject to monthly quota requirements), they are further incentivized to misrepresent or omit material terms of the Membership Programs so as to induce enrollment.

20.     Further, consumers who call and cancel their membership continue to be charged repeated membership fees by Sempris (even when the cancellation occurs before the expiration of the trial period).

21.     Ontel is aware of Sempris' fraudulent and deceptive business practices, and acts as a conduit for passing along consumer billing information and access to Sempris for its illegal purposes.

22.     Ontel purposefully provides Sempris access to consumers billing and personal information after luring them in to purchase Ontel products.

23.     In fact, Defendants are active co-conspirators who have knowingly entered into an agreement to profit from Sempris' unauthorized charges to consumers' credit and debit accounts,

1  and have designed and jointly implemented a system whereby consumers would be unknowingly

2  or deceptively induced into enrolling in Sempris' Membership Programs.

3        24.    Defendants are jointly liable, and together, share in the profits generated by their

4  fraudulent scheme.

5  **Sempris' Documented History of Deceptive Marketing**

6        25.    Previously operating as Provell, Inc., and before that, Damark International, Inc.,

7  Sempris' practice of fraudulently enrolling and charging consumers for memberships in its

8  Membership Programs (as well as its propensity for changing its name to evade liability) has

9  been well documented over the past ten years.

10       26.    Sempris' business practices previously resulted in an investigation and complaint

11  filed against Defendant by the Minnesota Attorney General in 1999, forcing Sempris (then

12  operating as Damark International Inc.) to issue an official Assurance of Discontinuance.[1]

13       27.    Despite its Assurance of Discontinuance, Defendant simply changed its name to

14  Provell, Inc. and resumed its deceptive business practices—namely, using preacquired

15  information to fraudulently enroll consumers in its Membership Programs.

16       28.    After operating as Provell, Inc. for the past ten years, and accumulating thousands

17  of consumer complaints under that name, Defendant has changed its business name yet again to

18  Sempris.

19       29.    Hundreds of consumer complaints about the deceptive nature of Sempris'

20  membership enrollment and charges (spanning the course of several years) can be found

21  throughout consumer protection websites:

22        April 23, 2009: I had never heard of WC *BUDGET SAVERS MNTH until it
23        showed up as an automatic withdrawal from my account… I found out it's a
          company I NEVER heard of and they say I authorized it. I NEVER authorize
24        automatic withdrawals and I don't even use coupons, why would I request the
          services of a coupon clipping website. [ ] I believe this may have been triggered
25        by an Internet purchase I made for "Aquabulbs"...

26  _____

[1]      Assurance of Discontinuance, *Minnesota ex rel. Hatch v. Damark Int'l, Inc.*, No.

27

28

April 14, 2010: []I started getting hit at $24.95/month by WC *VALUE PLUS beginning in January...You may remember a "Free $50 WalMart gift card" offer at the end of a call to purchase from an infomercial???? This after you completed the product purchase; you were then transferred to some outside vendor to follow through for the gift card. The only thing they followed through on was debiting the membership fee from my account; I never did get the gift card.

Aug. 9, 2011: My wife and I ordered an auto headlight restoration product on the telephone from a TV promotion sale. After doing so were asked If we would be interested in many different other products, to each question we replied NO. The next day I received a courtesy call confirming our order. The representative again tried to sell me an array of items, again the answer was no. In about 10 days we received the Fast Brite item we ordered and our account was drafted 07-22-2011. On 08-09-2011 our account was again drafted by WC *MON BUDGET SAVERS MINNETONKA, MN ATH for $29.95. This draft was not authorized by my wife or myself. The information was obtained through the telephone order for Fast Brite. Please be careful as this is a scam.

Feb. 23, 2012: I bought something from a t.v. ad, swiffer sweeper. They told me I had won a gas card and that for one dollar I could get so much more. At first I thought this is cool, then they asked me for my card number several times. I quickly said forget this, I do not want any of it. The woman told me she would cancel it and I hung up the phone. Now I notice that money is being taken out of my bank account $29.95 every month. I never authorized that nor did I ever get anything for the money they are taking out of my account. I never received anything from them in the mail. I called my bank and I am going to cancel my bank card. This is a scam and they are stealing people's money. This needs to be stopped, it is not right. Unhappy.

**FACTS SPECIFIC TO PLAINTIFF**

30.   In or around June 2012, Ricardo Valencia viewed a television infomercial for one of Defendant Ontel's products—the Slushy Magic.

31.   After viewing the infomercial, Valencia called the number listed on the screen to order the Slushy Magic.

32.   A customer service representative processed Valencia's order for the Slushy Magic, which included obtaining his personal billing and shipping information. During the transaction, the representative then informed Valencia that he qualified for a "free 30-day trial" of a membership discount program. The representative claimed that the trial would be "risk-free" and that the program would provide him with coupons and other money-saving discounts. The

representative further promised that Valencia would receive a free gift card to WalMart simply for trying the program.

33.    The representative did not disclose that the "free trial" was actually enrollment in one of Sempris' Membership Programs. Nor did the representative mention that the enrollment was a negative option, meaning that Valencia would be charged a recurring fee of $24.95 a month unless he affirmatively called to cancel. Instead, Plaintiff was led to believe that the trial was just that, a trial period that, after it was complete, would allow him to affirmatively assent to be enrolled if he so chose.

34.    Based on the representative's affirmations regarding the "risk-free" nature of the trial, Valencia agreed to try the program for "free." Despite the fact that it was a separate transaction (with a separate company), Valencia was not required to repeat his credit card information. During the phone call, Valencia was only asked to provide his billing information once (presumably to complete his order for the Slushy Magic).

35.    Weeks went by and Valencia did not receive any printed information pertaining to his membership enrollment, such as confirmation of enrollment, a membership identification number (necessary to utilize the program's alleged benefits), or any coupons or discount codes. Nor did he receive the WalMart gift card promised as part of his "free trial."

36.    Nevertheless, in July of 2012, Valencia was charged $24.95 for the Sempris Value Plus Membership Program. He was charged again in August and September.

37.    As he never received any printed materials relating to his enrollment, Valencia was unable to contact Sempris to cancel his membership. Accordingly, to avoid further charges, Valencia canceled his credit card.

38.    Valencia was unable to (and never did) utilize any of the program's alleged benefits.

**CLASS ALLEGATIONS**

39.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and Class and Subclass defined as follows:

**Sempris Class**: All individuals who were enrolled in any Sempris Membership Programs following a telephone purchase of an Ontel product.

**Calfornia Subclass**: All Sempris Class members who reside in the State of California.

The following persons are excluded from the Class and Subclass: 1) any Judge or Magistrate presiding over this action and members of their families; 2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which Defendants or their parents have a controlling interest and their current or former employees, officers and directors; 3) persons who properly execute and file a timely request for exclusion from the class; and 4) the legal representatives, successors or assigns of any such excluded persons.

40.     **Numerosity**: The exact number of the members of the Classes is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. Defendants have deceived thousands of consumers who fall into the definition set forth above. Members of the Classes can be identified through Defendants' records.

41.     **Typicality**: Plaintiff's claims are typical of the claims of other members of the Classes, as Plaintiff and other members sustained damages arising out of the wrongful conduct of Defendants, based upon the same transactions which were made uniformly with Plaintiff and the public.

42.     **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in complex litigation and class actions. Plaintiff has no interest antagonistic to those of the Classes and Defendants have no defenses unique to Plaintiff.

43.     **Predominance and Superiority**: Class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy, as joinder of all members is impracticable. The damages suffered by the individual members of the Classes will likely be relatively small, especially given the burden and expense of individual prosecution of

the complex litigation necessitated by Defendants' actions. It would be virtually impossible for the members of the Classes to obtain effective relief from Defendants' misconduct on an individual basis. Even if members of the Classes themselves could sustain such individual litigation, it would not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

44.     **Commonality**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not limited to the following:

      a.   Whether Defendants' conduct alleged herein violates Cal. Civ. Code §§ 1750, *et seq.*;

      b.   Whether Defendants' conduct alleged herein violates Cal. Bus. & Prof. Code §§ 17200, *et seq.*;

      c.   Whether Defendants' conduct alleged herein constitutes fraud by omission;

      d.   Whether Defendants' conduct alleged herein constitutes breach of contract; and

      e.   Whether Defendants' conduct alleged herein constitutes unjust enrichment.

**COUNT I**
**Violation of the Consumers Legal Remedies Act**
**Cal. Civ. Code §§ 1750, *et seq.***
**(Individually and on behalf the California Subclass)**

45.     Plaintiff incorporates by reference the foregoing allegations.

46.     The Consumers Legal Remedies Act prohibits the act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, concealment,

suppression or omission of any material fact with intent that others rely upon such act in connection with the sale or advertisement of any merchandise whether or not any person has in fact been misled, deceived or damaged thereby.

47. The price of a product is a material term of any transaction and is likely to affect the choice of, or conduct regarding, whether to purchase a product. Any deception related to the price of a product is materially misleading.

48. Whether a consumer will be enrolled in a monthly recurring negative-option program is also a material term of any transaction because it too is likely to affect the choice of, or conduct regarding, whether a consumer will assent to enrollment in the program. Because an initial assent may be used to support perpetual billings, negative-option offers are subject to enhanced scrutiny by courts examining such contracts. Any deception related to such an enrollment is materially misleading.

49. Defendants' omission of material terms of the Membership Programs, including the negative-option price and term, the account to be charged, and the actions necessary to prevent those charges, was likely to mislead a consumer acting reasonably under the circumstances.

50. Defendants acted in a deceptive manner with respect to Plaintiff and the other members of the Subclass by training customer service representatives to make offers that failed to disclose in a clear and conspicuous manner the following terms: (a) the total cost of the purchase; (b) all material restrictions, limitations or conditions related to the purchase and use of the Membership Programs; (c) the termination, cancellation, and refund policies related to the Membership Programs; and, (d) all material terms and conditions applicable to the Membership Programs negative-option enrollment, including the fact that Plaintiff's and the Subclass's accounts would be continually charged unless such consumers took affirmative action to avoid the charges, the date(s) the funds would be deducted, and the specific steps necessary to avoid the charges.

51.     Defendants acted in a deceptive manner when: (a) they failed to disclose to consumers that funds would be charged to their bank and credit accounts for the Membership Programs, (b) failed to otherwise obtain Plaintiff's and the Subclass's express agreement to be charged for the Membership Programs, and (c) failed to disclose and/or concealed the fact that Ontel would pass Plaintiff's and the Class's billing information to Sempris so that Sempris could assess charges for the Membership Programs.

52.     Finally, Defendants acted in a deceptive manner with respect to Plaintiff and the Subclass by falsely promising to: (a) send rebates, gift cards, and/or other incentives for agreeing to try the Membership Programs and (b) physically mail information necessary to both access and cancel the Membership Programs, and then failing to do so.

53.     As alleged herein, Defendants have engaged in deceptive practices, unlawful methods of competition, and/or unfair acts as defined by Cal. Civ. Code §§ 1750, *et seq*., to the detriment of Plaintiff and the Subclass.

54.     Defendants, acting with knowledge, intentionally and unlawfully brought harm upon Plaintiff and the Subclass by deceptively inducing Plaintiff and the Subclass to participate in Sempris' Membership Programs.

55.     Defendants intended that Plaintiffs and the Subclass would rely on their deceptive conduct.

56.     The injuries of which Plaintiff and the Subclass complain are a direct and proximate result of Defendants' violations of law and wrongful conduct described herein.

57.     Under Cal. Civ. Code § 1780(a) and (b), Plaintiff and the Subclass seek injunctive relief requiring Defendants to cease and desist the illegal conduct alleged in this Complaint, and any other appropriate remedy for violations of the CLRA. For the sake of clarity, Plaintiff explicitly disclaims any claim for damages under the CLRA at this time.

**COUNT II**
**Violation of California's Unfair Competition Law**
**Cal. Bus. & Prof. §§ 17200, *et seq*.**
**(Individually and on behalf of the California Subclass)**

58.     Plaintiff incorporates by reference the foregoing allegations.

59.     California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq*., protects both consumers and competitors by promoting fair competition in commercial markets for goods and services.

60.     The UCL prohibits any unlawful, unfair or fraudulent business act or practice. A business practice need only meet one of the three criteria to be considered unfair competition. An unlawful business practice is anything that can properly be called a business practice and that at the same time is forbidden by law. A fraudulent business practice is one in which members of the public are likely to be deceived.

61.     As described herein, Defendants' continuing practice of charging and facilitating the charging of the Subclass's credit and debit cards for Sempris' Membership Programs without authorization, constitutes a deceptive act or practice in violation of the UCL.

62.     The price of a consumer product or service is a material term of any transaction as it is likely to affect a consumer's choice of, or conduct regarding, whether to purchase a product or service. Any deception related to the price of a consumer product is materially misleading.

63.     Defendants' omission of the price of the Membership Programs, or the fact that Plaintiff and the Subclass would be charged at all, was an act likely to mislead Plaintiff and members of the Subclass acting reasonably under the circumstances and constitutes an unfair and deceptive trade practice in violation of the UCL.

64.     Defendant Sempris violated the "unfair" prong of the UCL by accepting the members of the Subclass's confidential billing information without express consent after Defendant Ontel obtained that information for an unrelated product or service. Defendant Ontel violated the "unfair" prong of the UCL by omitting the fact that such information would be passed on to Sempris and used for purposes of levying unauthorized charges. The injuries caused

by Defendants' conduct are not outweighed by any countervailing benefits to consumers or competition, and the members of the Subclass could not have reasonably avoided the injuries they sustained.

65.   Defendants intended that Plaintiff and members of the Subclass would rely on their deceptive conduct and submit their payment information to Ontel.

66.   Defendants have violated the "unfair" prong of the UCL in that their actions caused substantial injury to consumers by causing their bank and credit cards to be charged without their consent after inducing them to submit their information through deceptive marketing. The injury caused by Defendants' conduct is not outweighed by any countervailing benefits to consumers or competition, and the injury is one that consumers themselves could not reasonably have avoided.

67.   Defendants have also violated the "fraudulent" prong of the UCL in that their statements, advertisements, and representations regarding the benefits and conditions of Sempris' Membership Programs are false.

68.   Defendants have violated the "unlawful" prong of the UCL in that Defendants' conduct violated the Consumer Legal Remedies Act (Cal. Bus. & Prof. Code §§ 1750, *et seq.*).

69.   Plaintiff and the Subclass have suffered harm as a proximate result of Defendants' violations of law and wrongful conduct.

70.   Pursuant to Cal. Bus. & Prof. Code §§ 17203, Plaintiff seeks an order of this Court permanently enjoining Defendants from continuing to engage in unfair and unlawful conduct. Plaintiff seeks an order requiring Defendants to (1) immediately cease the unlawful practices alleged in this Complaint; (2) make full restitution of all funds wrongfully obtained; and (3) pay interest, attorneys' fees, and costs pursuant to Cal. Code Civ. Proc. § 1021.5.

**COUNT III**
**Fraud by Omission**
**(Individually and on behalf of the Class)**

71.   Plaintiff incorporates by reference the foregoing allegations.

72.     Defendants concealed from and failed to disclose to Plaintiff and Class members: (1) the material terms of the Membership Programs, including the fact that the programs were negative-option programs that would result in a recurring monthly charge and (2) that Ontel would pass Plaintiff's and the Class's billing information to Sempris so that Sempris could assess charges for the Membership Programs.

73.     Based on Defendants' material omissions, Plaintiff and members of the Class did not reasonably expect to be charged for Sempris' Membership Programs, nor did they authorize Defendants to charge them for the Membership Programs.

74.     Defendants knew that Plaintiff and the Class did not expect to be charged or authorize the charges for Sempris' Membership Programs.

75.     Defendants were under a duty to disclose to Plaintiff and the other members of the Class that they intended to charge their accounts for Sempris' Membership Programs because: (1) Defendants were in a superior position to know the true state of facts about their possession and sharing of Plaintiff's and Class members' credit and bankcard information; (2) Defendants were in a superior position to know the terms of Sempris' Membership Programs; (3) Plaintiff and the Class members could not reasonably have been expected to learn or discover that Defendant Sempris was in possession of their account information and that Sempris intended to place charges on those accounts without authorization; and (4) Plaintiff and the Class members could not reasonably have been expected to learn or discover that Defendant Ontel intended to, and did in fact share their personal billing and contact information with Sempris.

76.     The facts concealed or not disclosed by Defendants to Plaintiff and the Class are material in that a reasonable consumer would have considered them to be important in deciding whether to allow Ontel access to their contact and billing information.

77.     Plaintiff and the Class justifiably relied on the omissions of Defendants to their detriment.

1    78.    The detriment is evident from the unauthorized charges placed on Plaintiff and

2    Class members' accounts and the monies lost.

3    79.    As a direct and proximate result of Defendants' misconduct, Plaintiff and the

4    Class have suffered and will continue to suffer actual damages in the form of monies taken by

5    Defendants.

6                                    **COUNT IV**
                                  **Breach of Contract**
7                                  **(As against Ontel)**
                         **(Individually and on behalf of the Class)**

8    80.    Plaintiff incorporates by reference the foregoing allegations.

9    81.    Defendant Ontel on the one hand, and Plaintiff and members of the Class, on the

10   other, entered into valid and enforceable contracts whereby those Class members provided and

11   Ontel accepted payments in exchange for goods marketed and sold by Ontel. In order to facilitate

12   their purchases, Plaintiff and the Class provided Ontel with access to their billing information.

13   82.    A material term of the contract entered into by Plaintiff and the Class members

14   with Ontel required that Ontel only share Class members' billing information with those

15   expressly authorized to receive it. Likewise, a material term of the contract required Ontel to

16   only bill Plaintiff and the Class for charges that they authorized.

17   83.    Plaintiff and the other members of the Class did not consent to Ontel releasing

18   their billing information to Sempris, nor did they consent to any additional charges made by or

19   on behalf of Ontel.

20   84.    Nor did Plaintiff and the other members of the Class contract with Ontel to

21   transfer their billing information for the purpose of allowing a third party to charge their

22   accounts.

23   85.    As a result of its unlawful conduct alleged herein, Ontel materially breached the

24   terms of its merchant contracts with Plaintiff and the other members of the Class.

25   86.    Plaintiff and the other members of the Class have suffered damages in the form of

26   monies lost as a direct result of Ontel's acts and practices.

27

28

87.     Plaintiff, individually and on behalf of the Class, seeks damages for Ontel's breach of contract, as well as interest, reasonable attorneys' fees, expenses, and costs to the extent allowable.

## COUNT V
### Unjust Enrichment (*in the alternative to breach of contract*)
### (As against Ontel)
### (Individually and on behalf of the Class)

88.     Plaintiff incorporates by reference the foregoing allegations, excluding paragraphs 80 through 87.

89.     Defendant Ontel knowingly received a monetary benefit from Plaintiff and the Class in the form of fees, revenue share, or other value given by Sempris when Ontel wrongfully permitted Ontel to obtain the Class members' contact and billing information, which Sempris then used to charge recurring monthly fees from members of the Class.

90.     Ontel appreciates or has knowledge of such benefits.

91.     Ontel had no valid basis to accept benefits that are derived from Sempris charging Class members' for unauthorized Membership Program fees.

92.     Under principles of equity and good conscience, Ontel should not be permitted to retain the benefits it wrongfully received from Plaintiff and the other members of the Class.

93.     Plaintiff, individually and on behalf of the Class, seeks restitution of all monies Ontel have unjustly received as a result of their conduct alleged herein, as well as interest, reasonable attorneys' fees, expenses, and costs to the extent allowable, as well as all other relief the Court deems necessary to make them whole.

## COUNT VI
### Unjust Enrichment
### (As against Sempris)
### (Individually and on behalf of the Class)

94.     Plaintiff incorporates by reference the foregoing allegations.

95.     Sempris, knowingly and without authorization, charged Membership Program fees to the credit and debit accounts of Plaintiff and the other members of the Class.

96.     As a result, and despite having no valid or legal basis to do so, Sempris unjustly received and continues to receive a monetary benefit in the form of membership fees charged to those consumers who have not provided their consent or authorization to be charged.

97.     Sempris appreciates and/or has knowledge of those benefits.

98.     Under principles of equity and good conscience, Sempris should not be permitted to retain the money belonging to Plaintiff and the other members of the Class that it unjustly received as a result of its unlawful actions.

99.     Plaintiff, individually and on behalf of the Class, seeks restitution for Sempris' unlawful conduct, as well as, to the extent allowable, interest, reasonable costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Ricardo Valencia, individually and on behalf of the Classes, requests that the Court enter an Order providing for the following relief:

A.     Certify this case as a class action on behalf of the Classes defined above, appoint Plaintiff as Class Representative, and appoint his counsel as Class Counsel;

B.     Declare that Defendants' actions, as set out above, violate Cal. Bus. & Prof. Code §§ 17200 *et seq.*, Cal. Civ. Code §§ 1750 *et seq.*; and constitute fraud by omission, breach of contract, and unjust enrichment;

C.     Award all economic, monetary, actual, consequential, statutory and compensatory damages caused by Defendants' conduct, and if the conduct is proven to be willful, award Plaintiff and the Classes exemplary damages;

D.     Award restitution against Defendants for all money to which Plaintiff and the Classes are entitled in equity;

E.     Award Plaintiff and the Classes their reasonable litigation expenses and attorneys' fees;

1   F.   Award Plaintiff and the Classes pre- and post-judgment interest, to the extent

2        allowable;

3   G.   Enter injunctive and/or declaratory relief as is necessary to protect the interests of

4        Plaintiff and the Classes; and

5   H.   Award such other and further relief as equity and justice may require.

6                            **JURY TRIAL**

7   Plaintiff demands a trial by jury for all issues so triable.

8

9                                   Respectfully submitted,

10                                  **RICARDO VALENCIA**, individually and on
                                    behalf of all others similarly situated,

11  Dated: December 13, 2012         By: /s/ Sean P. Reis_____
                                     One of Plaintiff's Attorneys
12

13                                  SEAN P. REIS (No. 184044)
                                    sreis@edelson.com
14                                  EDELSON MCGUIRE LLP
                                    30021 Tomas Street, Suite 300
15                                  Rancho Santa Margarita, California 92688
                                    Telephone:  (949) 459-2124
16                                  Facsimile:  (949) 459-2123

17                                  RAFEY S. BALABANIAN*
                                    rbalabanian@edelson.com
18                                  BENJAMIN H. RICHMAN*
                                    brichman@edelson.com
19                                  CHRISTOPHER L. DORE*
                                    cdore@edelson.com
20                                  ALICIA HWANG*
                                    ahwang@edelson.com
21                                  Edelson McGuire LLC
                                    350 North LaSalle Street, Suite 1300
22                                  Chicago, Illinois 60654
                                    Telephone: (312) 589-6370
23                                  Facsimile: (312) 589-6378

24                                  *pro hac vice application to be filed

25

26

27

28

CLASS ACTION COMPLAINT            18

JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

RICARDO VALENCIA, individually and on behalf of all others similarly situated,

**(b)** County of Residence of First Listed Plaintiff   San Diego
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Sean Reis, Edelson McGuire LLP, 30021 Tomas Street, Suite 300, Rancho Santa Margarita, CA 92688 (949) 459-2124

## DEFENDANTS

SEMPRIS, LLC, a Delaware limited liability company and ONTEL PRODUCTS CORPORATION, a New Jersey corporation,
County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*   **'12CV2985 BEN RBB**

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff

☐ 2  U.S. Government Defendant

☐ 3  Federal Question
*(U.S. Government Not a Party)*

☒ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                                    *and One Box for Defendant)*

|                              | PTF | DEF |                                                       | PTF | DEF |
|------------------------------|-----|-----|-------------------------------------------------------|-----|-----|
| Citizen of This State        | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State     | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation                             | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care / Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district *(specify)*
☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332(d)(2) (diversity)
Brief description of cause:
Cal. Civ. Code 1750, B&P 17200, fraud, breach of contract, unjust enrichment

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 5,000,000.00 +

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE   12/13/2012

SIGNATURE OF ATTORNEY OF RECORD   /s/ Sean Reis

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse  (Rev. 09/11)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

I. **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence.  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys.  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.

United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; federal question actions take precedence over diversity cases.)

III. **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

IV. **Nature of Suit.**  Place an "X" in the appropriate box.  If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit.  If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.**  Place an "X" in one of the seven boxes.

Original Proceedings.  (1) Cases which originate in the United States district courts.

Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.

Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.

Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.

Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.  When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment.  (7) Check this box for an appeal from a magistrate judge's decision.

VI. **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**           Example:        U.S. Civil Statute: 47 USC 553
                                                                 Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand.  In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.**  This section of the JS 44 is used to reference related pending cases if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**.  Date and sign the civil cover sheet.